**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **MARQUETTA ROBERTS** <br> 3720 Hoiles Ave <br> Toledo, Ohio 43612 <br> Plaintiff, | * <br><br> * | Case No. <br><br> Judge |
| v. | * | **COMPLAINT; JURY DEMAND ENDORSED HEREON** |
| **ONPOINT GROUP LLC** <br> 3235 Levis Commons Blvd <br> Perrysburg, Ohio 43551 | * <br><br> * | Francis J. Landry   (0006072) <br> **WASSERMAN, BRYAN, LANDRY & HONOLD LLP** |
| | * | 1090 W. South Boundary St <br> Suite 500 |
| Defendant. | * | Perrysburg, Ohio 43551 <br> Telephone:  (419) 243-1239 |
| | * | Facsimile:  (419) 243-2719 <br> Flandry308@aol.com |
| | * | Attorney for Plaintiff <br> Marquetta Roberts |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*

**JURISDICTION**

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1337, 1343, 2201 and 2202.  This is an action for a violation of 42 U.S.C. 1981. This action, in part, is one for money damages, reinstatement, and liquidated damages resulting from an alleged unlawful termination of employment Venue is proper in the Northern District of Ohio District Court, as the acts which gave rise to the causes of action complained of herein took rise in Wood County, Ohio.

1

## PARTIES

2. Plaintiff, Marquetta Roberts, is a citizen of the United States and a resident of the City of Toledo, State of Ohio, who has been employed with Defendant from October of 2018 until her termination on April 8, 2020.

3. Defendant OnPoint Group LLC is a limited liability company with a location in the City of Perrysburg, State of Ohio.

## GENERAL ALLEGATIONS

4. Plaintiff was employed by Defendant from October of 2018 until her termination on April 8, 2020.

5. Plaintiff is a female African American individual.

6. Plaintiff was employed as a Payroll Manager in the Finance Department.

7. Plaintiff was well qualified for her position by virtue of her education and experience.

8. On April 8, 2020, Plaintiff was suddenly terminated for alleged misuse of her company credit card, which the Defendant called "theft."

9. Plaintiff used her company credit card for personal purchases to drive up the points from her credit card. Each of her personal purchases were paid back to the company via a payroll deduction.

10. After her termination Plaintiff was denied payment of her accrued Personal Time Off in contravention of Defendant's Employment Handbook.

## FIRST CLAIM FOR RELIEF
### 42 USC 1981, Race Discrimination

11. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through ten (10) of this Complaint, supra, by reference in its entirety as if fully restated herein.

12. Plaintiff is an African American individual and was employed by Defendant.

13. Plaintiff was well qualified for her position, and performed her job well.

14. Plaintiff was terminated, and was treated differently than Caucasian employees. Caucasian employees were not terminated for using the company credit card for personal purchases, even though some other employees did not pay back the company for their personal purchases (while Plaintiff did). Furthermore, Caucasian employee received their PTO payout upon termination no matter the alleged reason for their termination, while Plaintiff did not. Plaintiff was also treated differently from her Caucasian counterparts during her employment. For instance, Caucasian employees were invited to a hockey game, while Plaintiff did not even find out about the game until the day after it occurred.

15. Defendant's alleged reasoning for Plaintiff's termination was false and pretextual. Plaintiff was performing her job well, and did not steal from the Defendant. Plaintiff used her company credit card for personal reasons but paid back each charge via a payroll deduction.

16. In terminating Plaintiff, Defendant has intentionally discriminated against her on the basis of her race in violation of 42 U.S.C. Section 1981.

17. As a proximate result of the actions of Defendant as complained of herein, Plaintiff has suffered the loss of her job position, back wages, seniority, fringe benefits and pension benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to her damage. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

**WHEREFORE**, Plaintiff demands judgment against Defendant for lost back and front wages, compensatory and punitive damages for emotional distress, anxiety, humiliation and embarrassment plus her costs, interest and reasonable attorney's fees. Plaintiff also seeks an amount of liquidated damages equal to her damages and her costs and attorney's fees all together

with prejudgment and post judgment interest. Plaintiff further prays for whatever other legal or equitable relief she may appear to be entitled to.

        Respectfully submitted,

        **WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**

        **s/Francis J. Landry**
        Francis J. Landry
        Attorney for Plaintiff, Marquetta Roberts

## JURY DEMAND

Plaintiff demands a jury trial as to all issues to triable in the within cause.

        s/Francis J. Landry
        Francis J. Landry